IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEVON CRAFT, | : | Civil No. 1:21-CV-01159 |
| Petitioner, | : | |
| v. | : | |
| R. THOMPSON, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

On June 30, 2021, self-represented Petitioner Devon Craft ("Petitioner"), who is currently incarcerated at the Low Security Correctional Institute - Allenwood ("LSCI-Allenwood") in White Deer, Pennsylvania, initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner challenges the computation of his sentence and argues he should be released earlier than the Bureau of Prisons (BOP) has provided on his computation sheet. (*Id.*) On August 10, 2022, Plaintiff filed a motion to expedite stating that if his sentence were properly computed, the proper release date would be January 15, 2023. He is seeking an immediate release to a Residential Reentry Center (RRC). (Doc. 16.) For the foregoing reasons, the court will grant Petitioner's motion to expedite in part and deny in part. The petition will be considered in full by the court, but his request to be placed in RRC will be denied. Furthermore, the court will deny his petition for habeas corpus.

1

## BACKGROUND

On June 25, 1996, Petitioner was arrested and held in state custody on charges of aggravated assault and criminal attempt – murder for events that took place on June 22, 1996.  (Doc. 8-1, pp. 7, 1.)[1]  On August 22, 1996, while held in state custody, Petitioner was charged in the United States District Court for the Eastern District of Pennsylvania with carjacking and carrying a firearm during and in relation to a violent crime.  (Doc. 8, p. 2.)  On September 26, 1996, Petitioner was transferred from state to federal custody for his arraignment.  (*Id*.)  He entered a guilty plea on November 20, 1996.  (Doc. 9, p. 10.)  On January 7, 1997, Petitioner was returned to state custody.  (Doc. 8, p. 2.)  On June 12, 1997, Petitioner pled guilty to a state charge of aggravated assault and attempted murder and was sentenced to a 22 ½-years to 50-years term of confinement.  (Doc. 8-1, pp. 8–10.)  On July 1, 1997, Petitioner was transferred to federal custody on a detainer to address his federal charges.  (*Id*., p. 23.)  On that same day, he was sentenced to a 78-month term of confinement to run concurrently with any sentences presently being served and a 60-month term of confinement to be served consecutive to any sentences being served.  (Doc. 8-1, pp. 25–26; Doc. 9, p. 10.)  On July 11, 1997, Petitioner was returned to state custody.  (Doc. 8, p. 3.)  On August 6, 2019, Petitioner had satisfied his state sentence and was transferred to federal custody to

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

begin his 60-month term of confinement that runs consecutive to the sentences he was serving at the time of his federal sentencing.  (Doc. 8-1, p. 33.)

On June 30, 2021, Petitioner filed his petition under § 2241 challenging the computation of his federal sentence.  (Doc. 1.)  The court ordered a response on July 20, 2021.  (Doc. 6.)  Respondent filed his response to the petition on August 10, 2021.  (Doc. 8.)  Petitioner filed his traverse on August 16, 2021.  The petition was then ripe for review by the court.  On August 10, 2022, Petitioner filed a motion to compel requesting that the court promptly review his petition as the release date he calculated was quickly approaching and requesting immediate release to an RRC.  (Doc. 16.)  This court grants the motion to expedite, in part, and now addresses his petition in full.

## DISCUSSION

In his § 2241 petition, Petitioner asserts that his release date, calculating good time credit, should be November 16, 2022.  (Doc. 1, p. 8.)  He avers that when the Bureau of Prisons ("BOP") computed his release date, it added his good time credit rather than subtracted it from his total prison term.  (*Id.*, p. 2.)  He also argues that the BOP failed to apply prior time credits to his federal sentence.  (*Id.*, ¶ 13.)  Respondent asserts that the BOP has correctly calculated Petitioner's release date as December 6, 2023, and that the prior time credit at issue was already

applied against his state sentence and cannot be applied against his federal sentence. (Doc. 8, pp. 6–10.)

### A. The BOP Properly Calculated Petitioner's Release Date.

The majority of Petitioner's argument is that the BOP has incorrectly calculated his release date by adding his good conduct time (GCT) to his term of confinement instead of subtracting it. (Doc. 1.)

Consecutive "terms of imprisonment . . . shall be treated for administrative purposes as a single, aggregate term of imprisonment." *See* 18 U.S.C. § 3584(c). Thus, in Petitioner's case, the BOP has aggregated his 78-month term and 60-month consecutive term as a single aggregate 138-month term of confinement. (Doc. 8-1, ¶ 16.) The 78-month term was ordered to be served concurrent to his state sentence, but his 60-month term was ordered to run consecutive to any term he was currently serving. (Doc. 8-1, p. 26.) Petitioner was released from state custody and transferred to federal custody on August 6, 2019 to serve his 60-month term. (Doc. 8-1, p. 33.) Because 18 U.S.C. § 3584(c) requires consecutive terms be treated as a single, aggregate term of imprisonment, the BOP was required to account for the full 138-month term and not just the 60-month term Petitioner was in federal custody.

This means that there can be no break between Petitioner's 78-month term and his 60-month term. Therefore, the BOP is required to calculate the date

Petitioner's 78-month term began based on the date his 60-month term ends. Respondent summarizes the steps required to achieve this in its response. (Doc. 8, pp. 5–10.) The court will now summarize the process as follows. To properly account for the full 138-month aggregate term and ensure that the 60-month term is served "consecutive to any sentences presently being served," as mandated in the judgment, Doc. 8-1, p. 26, the BOP started with computing the earliest possible release date of the 60-month term. The BOP added 60 months to the date one day prior to the date when Petitioner was transferred from state to federal custody, August 5, 2019, resulting in an expiration full term date (EFT) of August 5, 2024. Then, the BOP subtracted all potential GCT Petitioner could earn during the 60-month sentence, which was 270 days, to calculate the statutory release date (SRD). *See* 28 C.F.R. § 523.20(c). The resulting SRD is November 9, 2023. Then, the BOP used this SRD to calculate the beginning of aggregate 138-month term. The BOP started by adding all the potential GCT Petitioner could earn during a 138-month term, which is 621 days, to the SRD. *See* 28 C.F.R. § 523.20(c). This resulted in an EFT of July 22, 2015 for the aggregate 138-month term. The BOP then subtracted that total 138 months from the new EFT, to get January 22, 2014, which is the beginning of Petitioner's federal sentence.

It is the adding of the 621 days to the SRD that Petitioner objects to in his petition. (Doc. 1.) He asserts that the full 621 days of potential GCT for the 138-

month sentence should be used to reduce the consecutive 60-month sentence, which results in a November 16, 2022 release date. (*Id.*, p. 7.) However, since the 60-month term had to run consecutive to any sentence, the potential GCT earned during the 78-month term is required to be applied towards that term alone, and not the consecutive 60-month term.

Under the BOP's calculation of the 138-month aggregate term starting on January 22, 2014, Petitioner's EFT is July 22, 2025, and when all the potential GCT is applied to this EFT, his SRD is November 9, 2023. Therefore, the BOP's sentence computation reflects the judgment set forth by the District Court by the Eastern District of Pennsylvania, including 78 months to run concurrently with any sentences presently being served and 60 months to run consecutive to any sentences being served, and it meets the requirement that the sentence be treated for administrative purposes as a single, aggregate term of imprisonment. *See* 18 U.S.C. § 3584(c). Therefore, the BOP did not err in its computation of Petitioner's federal sentence.

The court notes that Petitioner's GCT was reduced by 27 days due to a disciplinary sanction. (Doc. 8-1, p. 4.) This results in a scheduled release date of December 6, 2023. (*Id.*)

### B. The BOP Has Properly Applied Petitioner's Prior Time Credit.

Petitioner also alleges that the BOP failed to award him credit for the time he served prior to his sentence and for the completion of his 78-months concurrent sentence. (Doc. 1, p. 6.)

#### 1. Pre-Sentence Time Credit

First, Petitioner asserts that the BOP failed to apply prior time credits to his federal sentence. (Doc. 1, p. 6.) However, 18 U.S.C. § 3585(b) states that "a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - - . . . *that has not been credited against another sentence*." (emphasis added.) Here, the time spent in custody prior to his sentencing was applied against his state sentence. (Doc. 8-1, p. 21.) Therefore, it cannot be applied against his federal sentence. As such, the BOP has not erred in failing to apply prior time credits to his federal sentence.

#### 2. 78-month Term

Petitioner also asserts that he did not receive credit for the 78-month term that ran concurrent to his state sentence. (Doc. 1, p. 6.) However, the court has addressed the credit awarded for this time in detail above and has found that the BOP has not erred in its computation of Petitioner's federal sentence. Therefore, this argument lacks merit.

## CONCLUSION

Based on the foregoing, Petitioner's release date has been computed correctly. His motion to expedite, Doc. 16, will be granted in part and denied in part. His petition is now addressed in full by the court, but his request to be immediately placed in an RRC will be denied. The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. No. 1, will be denied.

An appropriate order will follow.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: November 14, 2022